**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.14-cv-01584-WJM-BNB

SHARON KNIGHT,

Plaintiff,

v.

CENTURY PARK ASSOCIATES, LLC,

Defendant.

## **STIPULATED PROTECTIVE ORDER**

Based on a review of the parties' Stipulated Motion for Protective Order pursuant to FED.R.CIV.P. 26(c), and good cause having been shown for a protective order, the Court grants the Motion and finds and orders as follows:

The parties have stipulated and agreed that certain documents which contain private, proprietary and/or confidential information should be subject to a protective order according to the following terms:

(1)     All documents disclosed or produced in this case, which contain confidential, private information shall be subject to the terms of this protective order. The term "Confidential Information" shall constitute documents that contain confidential information protected by the right of privacy.

(2)     All such documents which contain Confidential Information subject to this protective order shall not be disclosed or used for any purpose other than for the use in this case,

as well as any appellate proceedings.

(3) All documents which contain Confidential Information, along with the information contained within those documents, shall not be disclosed or produced to any individual or entity, in any manner, except for the following:

- (a) attorneys working on the case;
- (b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in preparation of the case, preparation for trial, at trial or during the course of appellate or other proceedings in this case, including secretaries, legal assistants, and paralegals;
- (c) the parties to this action;
- (d) expert witnesses and consultants retained by any party in connection with this case to the extent that such production of documents or disclosure of Confidential Information contained in such documents is necessary for preparation of this case, trial, and appeal, and to the extent that the expert witness and/or consultant agrees in writing to all terms contained in the protective order;
- (e) the Court and its employees;
- (f) court reporters engaged to take the depositions of witnesses in this case and/or report the trial; and
- (g) any other persons agreed to by written agreement of the parties.

(4) In the event that any document which contains Confidential Commercial Information is produced in response to a document request under FED.R.CIV.P. 34 or under FED.R.CIV.P. 26(a)(1), the party producing that document shall identify and label each documents as "Confidential". In the event that a party has produced documents which it deems as Confidential Commercial Information prior to the date of the entry of this Order, the producing party shall have fifteen (15) calendar days from the date the Order is entered to identify and label any previously produced document as "Confidential."

(5) Depositions will be subject to the provisions of this protective order.

~~(6)~~ (6) Documents designated Confidential Information may be used and referred to in briefs and affidavits. ~~The party filing a pleading, motion, brief or affidavit containing Confidential Information shall file that pleading under seal.~~<u>To the extent that a party using Confidential Information in briefs, in affidavits, or as exhibits seeks to restrict access to such Confidential Information, the party will file a Motion to Restrict pursuant to D.C.COLO.LCivR 7.2. Nothing in this Protective Order will be interpreted to bind the court to restrict any document.</u>

(7) Counsel shall inform each person to whom they disclose or give access to Confidential Information of the terms of this Stipulation as well as the obligation to comply with those terms, and shall obtain the written confirmation in the form (agreed upon by the parties) of a "Witness Acknowledgment for Protective Order", of each such person that he or she will abide by the terms of this Stipulation<u>, except as to the court and its personnel</u>.

(8) Upon the termination of this action by judgment, settlement or otherwise, all parties shall return to counsel for such producing party all Confidential Information received from such party, including all CD's, copies, prints, summaries and any other reproduction of

3

such information in the possession of the parties, their counsel, retained experts or consultants, or shall confirm in writing that they have destroyed all Confidential Information.

(9) The protective order shall survive the termination of this action and continue in full force and effect.

(10) The protective order may be modified by order of the Court at any time upon a showing of good cause.

(11) All parties, entities, or individuals identified in paragraph (3) above understand that they may be subject to sanctions imposed by the Court, or to a claim for damages, including the award of attorneys' fees to the prevailing party, if they fail to abide by and comply with all the terms of this Order.

~~IT IS SO ORDERED~~

DATED this 25th day of March , 2014.

BY THE COURT:

s/ Nina Y. Wang
_____
~~DISTRICT COURT JUDGE~~
United States Magistrate Judge